IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRADLEY MOWCHAN, et al. | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00940 |
| | § | |
| LIBERTY INSURANCE CORPORATION | § | |
| Defendant. | § | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN

Pursuant to the Court's Order, the Parties jointly submit the following Joint Discovery/Case

Management Plan:

1.  State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.

    The meeting was held via email on July 7, 2022. Counsel attending the conference:

    | | |
    |---|---|
    | Jay Scott Simon | Emmanuel I. Almaraz |
    | Bar No. 24008040 | Bar No. 24129089 |
    | Southern Bar No. 31422 | Southern Bar No. 3745214 |
    | Chad T. Wilson Law Firm, PLLC | Thompson, Coe, Cousins & Irons, L.L.P. |
    | 455 East Medical Center Blvd., Ste 555 | One Riverway, Suite 1400 |
    | Webster, Texas 77058 | Houston, Texas 77056 |
    | Telephone: (832) 415-1432 | Telephone: (713) 403-8210 |
    | Facsimile: (281) 940-2137 | Facsimile: (713) 403-8299 |
    | Attorney for Plaintiff | Attorney for Defendant |

2.  List the cases related to this one that are pending in any state or federal court with the case number and court:

    None.

3.  <u>Briefly</u> describe what the case is about:

    Plaintiff owns and resides in a home located at 17002 Thomastone Lane, Humble, Texas 77346 that, at all times applicable to this suit, was insured by Defendant Liberty Insurance Corporation.  Plaintiff claims that, on or about April 17, 2020, his home was damaged by wind or hail.  Plaintiff reported his claim for loss to Defendant Liberty, which adjusted the claim and concluded that there were no covered damages to the property.  Defendant

Liberty did not issue any payment on the claim.  Plaintiff filed suit against Liberty in state court, alleging breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, and breach of the duty of good faith and fair dealing against Defendant Liberty.  Defendant denies Plaintiff's allegations and maintains that it handled the claim properly and in compliance with applicable law.

4.      Specify the allegation of federal jurisdiction:

        28 U.S.C. § 1332 and 28 U.S.C. § 1391(b).

5.      Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons:

        None.

6.      List anticipated additional parties that should be included, when they can be added, and by whom they are wanted:

        The parties do not anticipate adding any other parties.

7.      List anticipated interventions:

        None.

8.      Describe class-action issues:

        None.

9.      State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures:

        The Parties have exchanged initial disclosures.

10.     Describe the proposed agreed discovery plan, including:

        A.      Responses to all the matters raised in Rule 26(f):

                None.

        B.      When and to whom the plaintiff anticipates it may send interrogatories:

                Plaintiff intends to send interrogatories and other discovery requests to Defendant within 30 days after the Court enters the Scheduling Order.

        C.      When and to whom the defendant anticipates it may send interrogatories:

Defendant intends to send interrogatories and other discovery requests to Plaintiff within 30 days after the Court enters the Scheduling Order.

D.   Of Whom and by when the plaintiff anticipates taking oral depositions:

Plaintiff intends to depose the adjuster(s) who inspected the property and/or investigated the claim as well as Defendant's corporate representative at least 30 days before the end of the discovery period.

E.   Of Whom and by when the defendant anticipates taking oral depositions:

Defendant intends to depose Plaintiffs at least 30 days before the end of the discovery period.

F.   When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports:

Plaintiff:      April 7, 2023

Defendant:   May 5, 2023

G.   List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date:

Plaintiffs anticipate taking the deposition of any experts designated by Defendant, at least 30 days before the end of the discovery period.

H.   List expert depositions the opposing party anticipates taking and their anticipated completion date:

Defendant anticipates taking the depositions of any experts designated by Plaintiff at least 30 days before the end of the discovery period.

11.   If the parties are not agreed on a part of this discovery plain, describe the separate views and proposals of each party:

No disagreement.

12.   Specify the discovery beyond initial disclosures that has been undertaken to date:

None.

13.   State the date the planned discovery can reasonably be completed:

June 9, 2023.

14.   Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting:

The parties are amenable to scheduling mediation.

15.   Describe what each party has done or agreed to do to bring about a prompt resolution:

No efforts have been undertaken at this time aside from general discussions.

16.   From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable:

The parties believe that mediation would be reasonably suitable to resolve this matter and would likely schedule mediation after some discovery has taken place.

17.   Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge:

The parties are opposed to a trial by magistrate judge.

18.   State whether a jury demand has been made and if it was made on time:

Plaintiff and Defendant have each demanded a jury trial in their initial pleadings and the parties agree that such demands were timely.

19.   Specify the number of hours it will take to present the evidence in this case:

The parties anticipate that this case can be resolved with three to four days' trial time.

20.   List pending motions that could be ruled on at the initial pretrial and scheduling conference:

There are no motions currently pending before the Court.

21.   List other motions pending:

None.

22.   Indicate other matters peculiar to this case, including discovery, that deserves the special attention of the court at the conference:

None.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments:

Plaintiff and Defendant filed their Certificate of Interested Parties on April 8, 2022

24. List the names, bar numbers, addresses, and telephone numbers of *all* counsel:

For Plaintiff:
Chad T. Wilson
Bar No. 24079587
Jay Scott Simon
Bar No. 24008040
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd., Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
cwilson@cwilsonlaw.com
jsimon@cwilsonlaw.com

For Defendant:
J. Mark Kressenberg
Federal Bar No. 7793
Texas Bar No. 11725900
mkressenberg@thompsoncoe.com
Emmanuel I. Almaraz
Federal Bar No. 3745214
Texas Bar No. 24129089
ealmaraz@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
(713) 403-8210


*/s/ Jay Scott Simon (by permission)*          July 8, 2022
Counsel for Plaintiffs                          Date

*/s/ Mark Kressenberg*          July 8, 2022
Counsel for Defendant                          Date